2882.sbk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PHILIP VIBIN and GEORGE PHILIP VIBIN as Special Administrator of the Estate of ALEY PHILIP KIZHAKKEANANTHAKUCAM, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No.  13 CV 3551 |
| v. | ) ) | |
| PAPER TRANSPORT, INC. and JEFFREY J. CARRIVEAU, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Now comes the defendants, PAPER TRANSPORT, INC. and JEFFREY CARRIVEAU, by and through their attorneys, Haynes, Studnicka, Kahan, O'Neill & Poulakidas, LLC, pursuant to 28 USC §1441, *et seq.*, and Local Rule 81.2, and hereby remove this action from the Circuit Court of Cook County to this Court. In support of their Notice of Removal, the defendants state as follows:

1. This matter arises out of an alleged automobile accident which occurred on April 18, 2013 on southbound Interstate 294 in Cook County, Illinois. (See Complaint at Law, attached as Exhibit A). As a result of the alleged occurrence, the plaintiff, George Philip Vibin, alleges that he suffered "severe and permanent injuries of a personal and pecuniary nature." (See Exhibit A). The plaintiffs allege that the decedent, Aley Philip Kizhakkeananthakucam, "died, suffered conscious pain and suffering, and her estate has suffered severe and permanent personal and pecuniary injury." (See Exhibit A). Wrongful death and survival actions have been filed on behalf of the Estate. (See Exhibit A).

2. On April 25, 2013, the plaintiffs, George Philip Vibin and George Philip Vibin as Special Administrator of the Estate of Aley Philip Kizhakkeananthakucam, deceased, filed their Complaint at Law in the Circuit Court of Cook County, Illinois, *Law Division*, docket number 2013 L 004244. (See Exhibit A). Therein, the plaintiffs requested damages "in a sum in excess of fifty thousand dollars ($50,000.00) plus costs, and all other damages permitted under Illinois law." (See Exhibit A).

3. The defendant, Paper Transport, Inc., was served with summons and a copy of the plaintiffs' Complaint at Law on April 26, 2013. Defendant Carriveau WAS SERVED May 3, 2013. Both defendants join and bring this Notice of Removal through their counsel, Haynes, Studnicka, Kahan, O'Neill & Poulakidas, LLC.

4. Based upon information and belief, the plaintiff, George Philip Vibin, is a citizen of and is domiciled within the State of Illinois. (See Driver Information Exchange, attached as Exhibit B). He is not a citizen of or domiciled in Wisconsin. Similarly, the decedent was domiciled in Illinois. He was not domiciled in or a citizen of Wisconsin.

5. Pursuant to 28 U.S.C. § 1332(c)(2), "for the purposes of . . . section 1441 . . . the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." The plaintiffs allege that Aley Philip Kizhakkeananthakucam died as a result of the alleged accident in this case. (See Exhibit A). Based upon information and belief, Aley Philip Kizhakkeananthakucam was domiciled in and was a citizen of the State of Illinois. (See Driver Information Exchange attached as Exhibit B).

6. The defendant, Jeffrey Carriveau, is a citizen of and domiciled within the State of Wisconsin. He is not a citizen of or domiciled within the State of Illinois. (See Affidavit of Jeffrey Carriveau, attached as Exhibit C).

7. Defendant, Paper Transport, Inc. is a corporate citizen of the State of Wisconsin because it is incorporated in the State of Wisconsin and has its principle place of business at 2701 Executive Drive, Green Bay, Wisconsin 54304. (See Affidavit of Ken Marvenko, attached as Exhibit D). It is not incorporated in and does not have its principal place of business in Illinois. (See Exhibit D).

8. All that is required for a removal based on diversity of citizenship is a reasonable probability that more than $75,000 is in controversy. See Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See McCoy v. General Motors Corp., 226 F. Supp. 2d 939, 941-42 (N.D. Ill. 2002) (the amount in controversy is generally "obvious from a common-sense reading of the complaint"). Here, the plaintiffs have alleged "severe and permanent injuries of a personal and pecuniary nature" and pled wrongful death and survival actions. Clearly, they are seeking damages in this matter in excess of the jurisdictional requirement of $75,000.

9. Plaintiffs' counsel will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure or, alternatively, through electronic filing by the Court. In addition, counsel for the removing party will also send directly to all counsel a copy of the filings. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, which will advise the Circuit Court that the matter has been removed to federal court. A true and accurate copy of the Notice of Removal was filed with the United States District Court, Northern District of Illinois.

10. The defendants have timely filed this Notice of Removal.

11. The defendants attach as Exhibit F a copy of all process, pleadings, and orders served upon the defendants in this action.

WHEREFORE, the defendants, PAPER TRANSPORT, INC. and JEFFREY CARRIVEAU, pursuant to 28 USC §1441, remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

> Respectfully submitted,
>
> HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC
>
> /s/ Shimon B. Kahan
> Attorney for Defendants, PAPER TRANSPORT, INC. and JEFFREY CARRIVEAU
> HAYNES, STUDNICKA, KAHAN, O'NEILL & POULAKIDAS, LLC
> 200 West Adams Street, Suite 2175
> Chicago, IL 60606
> Telephone: (312) 332-6644
> Facsimile: (312) 332-6655
> E-mail: skahan@hskolaw.com
> ARDC No. 6207172